**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**RAIRIN CRUZ,**

              **Plaintiff,**

**-vs-**                                                           **Case No. 6:08-cv-498-Orl-22KRS**

**PETTY TRANSPORTATION, LLC dba
BEST COACH USA,**

              **Defendant.**

_____

# ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS (Doc. No. 5)** |
| **FILED:** | **April 30, 2008** |

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE RESPONSIVE PLEADING OF DEFENDANT (Doc. No. 6)** |
| **FILED:** | **May 6, 2008** |

On April 30, 2008, John K. Freeman, a member of Petty Group LLC, filed a Motion to Dismiss on behalf of Defendant Petty Transportation, LLC. Doc. No. 5. In response, Plaintiff Rairin Cruz filed a motion to strike Freeman's motion because, pursuant to Local Rule 2.03(e), a corporation may

only appear through counsel admitted to practice before this Court and there is no indication that Freeman is an attorney. Doc. No. 6.

The Court then issued an Order to Show Cause, pointing out that Defendant Petty Transportation, LLC is described in the complaint as a Florida Limited Liability Company, and requiring Cruz to file a memorandum in support of his motion to strike in light of this fact. Doc. No. 7. The Order to Show Cause acknowledged that a Non Disclosure and Non Competition Agreement (the "Agreement") was filed with Freeman's motion to dismiss indicating that the venue for any legal proceeding would be in Lake County, Florida. Accordingly, Cruz was also required to show case as to why this action should not be transferred to the Ocala Division of this Court, which encompasses Lake County, Florida. *Id.*

Cruz has filed a response to the Court's Order to Show Cause. In the response, Cruz provides support for his motion to strike Freeman's Motion to Dismiss. "Pursuant to Local rule 2.03(e), limited liability companies, like corporations, 'may appear and be heard only through counsel admitted to practice in the Court . . . .'" *See TS Production, LLC v. Leadracer.com, Inc.*, No. 8:07-cv-686-T-24-EAJ, 2007 WL 4277535, at *2 (M.D. Fla. Dec. 3, 2007) (quoting *Energy Lighting Mgmt., LLC v. Kinder*, 363 F. Supp. 2d 1331, 1332 (M.D. Fla. 2008)). There is no indication that Freeman is an attorney admitted to the bar of this Court. Therefore, Cruz's Motion to Strike Responsive Pleading of Defendant is **GRANTED** and the defendant's Motion to Dismiss is **STRICKEN** and will not be considered by the Court.

It is further **ORDERED** that Petty Transportation, LLC, shall file a response to the complaint on or before June 6, 2008, through an attorney of record admitted to practice in this Court. Failure to do so may result in entry of a default against Petty Transportation, LLC.

With respect to venue, the Agreement is between Cruz and Petty Group LLC, Moco South Corporation, and its successors in interest, also known as Best Coach USA and Select Transport (B.C.). Doc. No. 5 at 2. Because Defendant Petty Transportation, LLC is not a signatory to the agreement, and the facts before the Court are insufficient to establish that Petty Transportation, LLC should be bound by the terms of the Agreement, transfer of the case to the Ocala Division of this Court is not supported on the present record.

**DONE** and **ORDERED** in Orlando, Florida on May 22, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party