**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**RAIRIN CRUZ,**

                **Plaintiff,**

**-vs-**                                                          **Case No. 6:08-cv-498-Orl-22KRS**

**PETTY TRANSPORTATION, LLC dba
BEST COACH USA,**

                **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 28)** |
| **FILED:** | **July 11, 2008** |

On April 4, 2008, Plaintiff Rairin Cruz, individually and on behalf of others similarly situated, filed a complaint alleging that Defendant Petty Transportation, LLC dba Best Coach, USA (Petty) failed to pay overtime compensation for work performed in excess of forty hours per week. Doc. No. 1. John K. Freeman, a member of Petty Group LLC, filed a motion to dismiss the complaint. Doc. No. 5.[1] The Court ordered that the response be stricken because Freeman is not an attorney, and it required

---

[1] It appears that service of process on Petty was not validly served. *See* Doc. No. 13. Because Freeman responded to the complaint on behalf of Petty, it appears that Petty received actual notice of the complaint.

Petty to respond to the complaint through an attorney of record as required by Local Rule 2.03(e). Doc. No. 11.  Petty did not respond to the complaint through counsel.  Accordingly, pursuant to Plaintiff's motion, the Clerk of Court entered a default against Petty.  Doc. Nos. 21, 23.  Cruz now seeks entry of a default judgment.

Review of the record reflects that Cruz has not perfected service of process on Petty.  The return of service states that the summons and complaint were served on "ROBIN DAVIS, a person in charge at the recipient's PRIVATE MAILBOX location at the address of 18950 U.S. Highway 441, #212, Mount Dora, FL 32757 . . . ."  Doc. No. 13.  The process server avers that this service was made pursuant to Florida Statute § 48.031(6).  *Id.*

It is well established under Florida law that "[p]erfection of substituted service under section 48.161 requires strict compliance with the statutory requirements." *Mercy Lu Enter., Inc. v. Liberty Mut. Ins. Co.*, 681 So. 2d 758, 759 (Fla. 4th Dist. Ct. App. 1996).  Section 48.161 permits substituted service only upon "a nonresident or a person who conceals his or her whereabouts . . . ."  Fla. Stat. § 48.161(1).  Cruz alleges that Petty is a Florida Limited Liability Company doing business in Orange County, Florida.  Doc. No. 1 ¶ 3.  Therefore, it is not a "nonresident."

The process server avers that the address served is "the only address known after reasonable investigation . . . ."  Doc. No. 13.  This averment does not present sufficient facts to establish that Petty is attempting to conceal its whereabouts.  *See, e.g., Bird v. Int'l Graphics, Inc.*, 362 So. 2d 316, 317 (Fla. 3d Dist. Ct. App. 1978)(finding that failure to locate defendant at three addresses was not enough to establish concealment).

Finally, section 48.161 requires that Cruz serve Petty with notice of service and a copy of the process by certified mail and file the return receipt showing that such service has been made. There has been no showing that Cruz complied with this requirement of section 48.161.

A defendant waives the defense of insufficiency of service of process by failing to object to service of process in a motion or pleading. Fed. R. Civ. P. 12(h). In the present case, Petty has not yet appeared before the Court through counsel, which is the only manner in which a corporation can appear in this Court. Local Rule 2.03(e). Therefore, Petty has not waived the defense of insufficiency of service of process.

Accordingly, it is **ORDERED** that the Motion for Entry of Default Final Judgment (Doc. No. 28) is **DENIED** without prejudice. It is further **ORDERED** that the default entered against Petty Transportation, LLC dba Best Coach USA, doc. no. 23, is **VACATED**. Cruz shall perfect service of process on Defendant within the time permitted by Federal Rule of Civil Procedure 4(m).

**DONE** and **ORDERED** in Orlando, Florida on July 14, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy