**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAIRIN CRUZ,**

                 **Plaintiff,**

**-vs-**                                                **Case No. 6:08-cv-498-Orl-22KRS**

**PETTY TRANSPORTATION, LLC dba**
**BEST COACH USA,**

                 **Defendant.**

## ORDER

**I. INTRODUCTION.**

On April 4, 2008, Plaintiff Rairin Cruz, individually and on behalf of others similarly situated, filed a complaint alleging that Defendant Petty Transportation, LLC dba Best Coach, USA (Petty) failed to pay overtime compensation for work performed in excess of forty hours per week. Doc. No. 1. John K. Freeman, a member of Petty Group LLC, filed a motion to dismiss the complaint. Doc. No. 5. The Court ordered that the response be stricken because Freeman is not an attorney, and it required Petty to respond to the complaint through an attorney of record as required by Local Rule 2.03(e). Doc. No. 11. Petty did not respond to the complaint through counsel. Accordingly, pursuant to Plaintiff's motion, the Clerk of Court entered a default against Petty. Doc. Nos. 21, 23.

Thereafter, Cruz sought an entry of a default judgment. Doc. 28. This Court denied Plaintiff's motion without prejudice for failure to establish that he had perfected service of process on Petty. Doc. 29. The Order also vacated the Clerk's default against Petty. *Id.* On August 12,

2008, this Court entered an Order to Show Cause why Plaintiff's case should not be dismissed for failure to prosecute. Doc. 31. On August 25, 2008, Plaintiff filed this Response to Order to Show Cause. Doc. 32. Because Plaintiff has, albeit belatedly, submitted evidence regarding service of process on Petty, I will treat the response as a renewed motion for entry of a default.

## II. APPLICABLE LAW.

Federal Rule of Civil Procedure Rule 4(h)(1), through Fed. R. Civ. P. 4(e)(1), permits service of process on a corporation in this district "following state law for serving a summons in an action brought" in Florida. Fed. R. Civ. P. 4(e)(1).

Section 48.081, Florida Statutes, permits service on a corporation using a hierarchy of officers, directors, employees, and, ultimately, a registered agent. In relevant part, this section states "[i]f the address provided for the registered agent, officer, director, or principal place of business is a residence or private mailbox, service on the corporation may be made by serving the registered agent, officer, or director in accordance with § 48.031." Fla. Stat. § 48.081(3)(b) (2008).

Section 48.031(6), Florida Statutes, provides as follows: "If the only address for a person to be served, which is discoverable through public records, is a private mailbox, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location." *Id.*

## III. ANALYSIS.

In order to perfect service of process on corporation by serving the person in charge of a mailbox store, Plaintiff must establish that certain conditions exist. Plaintiff must show (1) that the

address of record of the corporation's officers, directors, registered agent and principal place of business was a private mailbox, (2) that the only address discoverable through public records for the corporation, its officers, directors, or registered agent was a private mailbox, and (3) that the process server properly determined that the corporation, or its officer, director, or registered agent maintains a mailbox at that location prior to serving the person in charge. While the process server averred in his original return of service that he made a "reasonable investigation," Doc. No. 13, this conclusory statement was insufficient to establish that "the only address discoverable through public records" was a private mailbox. Therefore, the Court's order vacating the default was proper.[1]

Plaintiff has now filed evidence to establish that substitute service on Petty was proper. He submitted a printout from the Florida Department of State, Division of Corporations website that reflects that John K. Freeman, 18950 U.S. Highway 441, #212, Mount Dora, Florida 32757 (the "Mount Dora address") is the manager and registered agent of Petty. Doc. No. 32-3. The Articles of Incorporation of Petty similarly use the Mount Dora address. *Id.* ¶ 11. David J. Biddle avers that he searched property appraiser's records in Orange, Seminole, Osceola, Polk, Lake and Brevard counties to locate an address for John Freeman, registered agent for Petty. Biddle Aff., Doc. No. 32-2, ¶ 7. The only address of record he found for Freeman was the Mount Dora address. *Id.* ¶ 8.

---

[1] In future cases, counsel for Plaintiff in this case should file a memorandum of law in support of motions for entry of a default, as required by Local Rule 3.01(a), addressing why service of process was properly perfected.

The Mount Dora address is the address of a UPS Store. Biddle confirmed that Freeman and Petty maintained private mailboxes at this address. Biddle Aff. ¶¶ 10, 11. Accordingly, process was served on the person in charge of the UPS store. Doc. No. 13.

Based on the newly submitted evidence, Plaintiff has established that the address of record for Petty and Freemen, Petty's manager and registered agent, was a private mailbox. He has further shown that the only address discoverable through public records to effect service on Petty was the Mount Dora address. Plaintiff also established that the process server confirmed that Petty and Freeman had a private mailbox at the Mount Dora address before serving process on the person in charge. As such, Plaintiff has established that service was proper, absent objection.

## IV.   CONCLUSION.

Accordingly, it is hereby **ORDERED** that the Clerk of Court shall enter a default against Defendant Petty Transportation, LLC dba. Best Coach USA.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 27, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE