# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RAIRIN CRUZ,**

                **Plaintiff,**

**-vs-**                                                            **Case No. 6:08-cv-498-Orl-22KRS**

**PETTY TRANSPORTATION, LLC dba**
**BEST COACH USA,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **RENEWED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 33)**
>
> **FILED:**       **August 26, 2008**

**I.    PROCEDURAL HISTORY.**

      On April 4, 2008, Rairin Cruz, on his own behalf and on behalf of those similarly situated,[1] filed a complaint against Defendant Petty Transportation, LLC, d/b/a Best Coach USA ("Petty"). He alleged that Petty failed to pay him overtime compensation due under the Fair Labor Standards Act

---

[1] No other persons elected to join in this case as putative plaintiffs. I recommend the Court dismiss the collective action allegations.

(FLSA), 29 U.S.C. § 201 *et seq.* Doc. No. 1. He also sought liquidated damages, attorney's fees, and costs. *Id.*

The complaint was served on Petty on April 12, 2008. Doc. No. 13. Petty failed to respond as required by law. *See* Doc. No. 11. Thereafter, pursuant to this Court's order, the Clerk of Court entered a default against Petty. Doc. No. 35.

Pursuant to the entry of default, Cruz filed the instant Motion for Entry of Default Final Judgment. Doc. No. 33. In support of the motion, Cruz filed the Declaration of Rairin Cruz (Cruz Decl.) with an exhibit, Doc. No. 33-2, and an Affidavit for Reasonable Attorneys' Fees signed by C. Ryan Morgan (Morgan Aff.) with an exhibit, Doc. No. 33-3. Petty had not responded to the motion as of the time of writing this recommendation, and the time for doing so has passed.

## II.   APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a

hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)(citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

**III.   ANALYSIS.**

    A.   *Allegations of the Complaint*.

Cruz was employed by Petty as a driver. Doc. No. 1 ¶ 2. Defendant Petty was an enterprise covered by the FLSA. *Id.* ¶ 6. Petty did not pay Cruz one and one-half times his regular rate of pay for all hours he worked in excess of forty hours per week during one or more work weeks. *Id.* ¶ 8. The failure to pay overtime compensation was willful. *Id.* ¶ 13.

    B.   *Liability*.

To prevail on a claim for payment of overtime under the FLSA, Cruz must establish the following:

> First, that he was employed by Defendant during the time period involved;
>
> Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce;
>
> Third, that Defendant failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By defaulting, Petty admits that it employed Cruz during the relevant time period. Petty further admits that it was an enterprise within the definition of the FLSA. It admits that it failed to pay overtime compensation as required by the FLSA. This is sufficient to establish that Petty is liable to pay Cruz overtime wages he is owed for his work.

C.      *Damages*.

1.      <u>Overtime Compensation</u>.

Under the FLSA, Cruz is entitled to be paid one and one-half times his regular rate of pay for all hours in excess of forty worked in a work week. *See* 29 U.S.C. § 207(a)(1).  Cruz has the burden of proving the amount of damages to be awarded.

When the employer has violated his duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988)(quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999)("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

Cruz avers that he was paid on an hourly basis at the rate of $7.00 per hour while employed by Petty. Cruz Decl. ¶ 4.  Cruz does not have pay stubs, checks, or any other documentation for the weeks he worked for Defendants. *Id.*  He attests that he worked an average of 60 hours per week for the entire period of his employment from June 2006 through January 2008. *Id.*   He was paid straight

time for all hours worked.  Accordingly, he seeks only the overtime premium of one-half his regular hourly rate, which is $3.50 ($7.00/2).

Cruz avers that he worked from approximately June 2006 through January 2008. *Id*. ¶ 4. Because Defendants' violation of the FLSA was willful, the statute of limitations for Cruz's claim is three years from the date the complaint was filed. *See* 29 U.S.C. § 255.  Therefore, Petty must pay Cruz unpaid overtime compensation for the entire period averred, a total of 87 full work weeks.[2] Because Petty did not come forward with evidence of the precise amount of work performed by Cruz, Cruz's declaration is sufficient to carry his burden of proof regarding the hours worked and his pay.

To determine the amount of overtime due to an hourly employee, the Court calculates "a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of 40 in the week." 29 C.F.R. § 778.110(a). Cruz avers he worked 60 hours per week. Accordingly, he is entitled to an overtime premium of one-half his hourly rate for the 20 hours of overtime worked per week. Based on 87 work weeks, multiplied by 20 hours of overtime a week, Cruz was not compensated for 1740 hours of overtime work. Based on the overtime premium rate of $3.50 per hour, Petty is liable to pay Cruz $6,090.00 for overtime compensation.

2.  Liquidated Damages.

By defaulting, Petty admit that it acted willfully in failing to pay Cruz the required overtime compensation. When, as here, the defendant has not presented a defense that the failure to pay

---

[2] There were 610 days between June 1, 2006 and January 31, 2008. *See* CalendarHome.com, available at http://www.calendarhome.com/date.shtml (last visited Sep. 8, 2008).  This equates to 87 full work weeks (610/7 days per week).

overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]" 29 U.S.C. § 216(b); *see also* 29 U.S.C. § 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). Accordingly, Petty is liable to pay Cruz $6,090.00, the amount of unpaid overtime compensation owed to him, as liquidated damages.

      D.      *Attorneys' Fees and Costs*.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Cruz seeks an award of $3,242.00 for the services provided by his attorney, C. Ryan Morgan, and $729.18 in costs in connection with this case. Morgan Aff. ¶¶ 6-7. The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)(quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461

U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

    1.    <u>Hourly Rate</u>.

Morgan has been licensed in Florida since 2005. He attests that a reasonable rate for an attorney with his experience is $300.00 per hour, Morgan Aff. ¶ 4, but he offers no independent evidence of the type required by *Norman* to support the reasonableness of this hourly rate. This Court has previously determined that a reasonable rate for Morgan is $145.00 per hour. *E.g.*, *Girke v. Camillo Home Builders of Orlando, LLC*, No. 6:08-cv-461-Orl-28KRS, 2008 WL 2700014, at *1, 5 (M.D. Fla., Jul. 9, 2008). Absent evidence to support a higher hourly rate, I conclude that $145.00 is a reasonable hourly rate for Morgan's work in this case.

Morgan also seeks $95.00 per hour for paralegal Claudia Silva, who has eight years of paralegal experience. Morgan Aff. ¶ 5. However, this Court has previously found the reasonable rate for Silva's work to be $50.00 per hour. *E.g.*, *Girke v. Camillo Home Builders of Orlando, LLC*, No. 6:08-cv-461-Orl-28KRS, 2008 WL 2700014, at *1, 5 (M.D. Fla., Jul. 9, 2008). Further, I note that

Silva's work in this case was to prepare a contact letter to the client and the standard civil cover sheet and summons.[3] This is uncomplicated work that does not warrant a higher hourly rate. Accordingly, absent evidence to support a higher hourly rate, I conclude that $50.00 is a reasonable hourly rate for Silva's work in this case.

        2.      <u>Reasonable Number of Hours</u>.

Cruz submitted a Time Sheet reflecting Morgan's 10.3 hours and Silva's 1.6 hours worked on this case. Doc. No. 33-4. Despite entries on the time sheet indicating he performed certain work, Morgan conceded in response to an order from this Court that 1.30 hours of work on 3/28/2008 and 4/2/2008 were performed by a paralegal and, therefore, not properly reimbursed at the rate of an attorney. Morgan Aff. ¶ 6 n.1.

Some of the work performed by the paralegal was clerical in nature. *See id.*, 4/2/2008, 1.00 "Preparation of Civil Cover Sheet and Summons." Work that is purely clerical in nature is not compensable. *See, e.g., Scelta v. Delicatessen Support Servs. Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002)("[P]aralegal work is viewed as falling within the category of unrecoverable overhead expenses.")(internal quotations omitted)*; Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261 (M.D. Ala. 2000); *see also Missouri v. Jenkins*, 491 U.S. at 288 n.10 ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Therefore, I recommend that the Court deduct 1 hour from Silva's time.

---

[3] Morgan avers that the time worked on 3/28/2008 and 4/2/2008 was performed by Silva, even though the time sheet does not reflect her initials. Counsel should be careful to document properly not only the work performed but also the person performing the work when time is recorded.

The lodestar attorney's fee in this case are as follows:

| Attorney | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| C. Ryan Morgan | $145.00 | 10.6 | $1,537.00 |
| Claudia Silva | $50.00 | .6 | $30.00 |
| **TOTAL** | | | **$1,567.00** |

  3.  <u>Costs</u>.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs–other than attorneys' fees–should be allowed to the prevailing party." A court cannot award costs other than those specifically authorized in 28 U.S.C. § 1920, unless authorized by another applicable statute. *See United States EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000).

Cruz seeks an award of costs in the amount of $350.00 for reimbursement for the filing fee and $50.00 for the costs of serving process in this case. Morgan Aff., Ex. 2. "Costs for service of process and the filing fee are . . . properly awarded under 28 U.S.C. § 1920 . . . ." *Perrin v. John B. Webb & Assocs.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005).

Plaintiff claims $4.50 for unspecified photocopy costs. Section 1920(4) authorizes the taxation of costs for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Costs for the convenience of counsel, however, are not allowed. *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992). *See also Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996)(general copying costs are not recoverable). The party seeking recovery of photocopying costs "must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case . . . . A

prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." *Helms*, 808 F. Supp. at 1570 (internal citations omitted). *See also Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 914 (M.D. Fla. 1989)(declining to award photocopy costs where party did not itemize the photocopies that are the subject of the motion). As Plaintiff makes no showing that the photocopy charges were necessary for the case, the costs are denied.

Plaintiff's claim for postal charges, travel expenses, and computerized legal research are similarly improper. *Duckworth*, 97 F.3d at 1399; *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp.2d 1328, 1329 (M.D. Fla. 2002).

Accordingly, Cruz is entitled to an award of $400.00 in costs from Petty.

## IV.   RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court **GRANT** in part and **DENY** in part the Renewed Motion for Entry of Default Final Judgment, Doc. No. 33. Specifically, I further recommend that the Court order Petty Transportation, LLC d/b/a Best Coach USA to pay Cruz damages in the amount of $12,180.00, attorney's fees in the amount of $1,567.00, and costs in the amount of $400.00. I further recommend that the Court **DISMISS** the collective action allegations. Finally, I recommend that the Court direct the Clerk of Court to issue

a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 29, 2008.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE